UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
-------------------------------------------------------------------------X
U.S. AIRLINE PILOTS ASSOCIATION

                              Plaintiff,

                 -against-                              **COMPLAINT**

US AIRWAYS, INC.,

                              Defendant.
-------------------------------------------------------------------------X

       Plaintiff U.S. AIRLINE PILOTS ASSOCIATION (hereinafter "USAPA"), by and through its attorneys, JUBELIRER, PASS & INTRIERI, P.C., and O'DWYER & BERNSTIEN, LLP, as and for its Complaint, respectfully alleges as follows:

## NATURE OF ACTION

       1.     This is an action to confirm and enforce a System Board of Adjustment Arbitration Award rendered pursuant to a collective bargaining agreement executed September 23, 2005 (hereinafter referred to as the "Transition Agreement") between the Airline Pilots Association[1] (hereinafter referred to as "ALPA") and US AIRWAYS, INC. (hereinafter referred to as "US Airways" or the "Company").

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction over this action under the Railway Labor Act (hereinafter referred to as the "RLA"), 45 U.S.C. §§ 151 *et seq.*, pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction herein pursuant to 28 U.S.C. § 1337, as this is an action arising under a statute that regulates commerce and/or protects trade and commerce against restraints, namely, the RLA.

---

[1] ALPA was the predecessor union that represented the US Airways pilots prior to USAPA. ALPA was decertified (and USAPA correspondingly certified) by the National Mediation Board on April 18, 2008.

3. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), in that it is the district where, upon information and belief, a substantial part of the events giving rise to this action occurred. Venue is also proper in this Court because jurisdiction is not dependent on diversity of citizenship and the Western District of Pennsylvania is a district where USAPA is doing business, and defendants reside in, are found in, or are doing business in this District.

## PARTIES

4. USAPA is a private, unincorporated association operating as a labor organization. USAPA is a "representative" as defined by the RLA, 45 U.S.C. § 151, Sixth, and is the certified collective bargaining representative of US Airways pilots. USAPA has been the certified collective bargaining representative of the pilots of US Airways since April 18, 2008. USAPA has its principal place of business located at 200 E. Woodlawn Road, Suite 250, Charlotte, North Carolina, 28217.

5. US Airways is a commercial airline with national and international operations, and is a "common carrier by air" within the meaning of 45 U.S.C. § 181, and as such its labor relations is governed by the RLA, 45 U.S.C. §§ 151 *et seq*. The Company has its principal place of business located at 111 West Rio Salado Parkway, Tempe, Arizona 85281.

6. Upon information and belief, the Company is a wholly owned operating subsidiary of US Airways Group.

## FACTS

7. USAPA and the Company (hereinafter collectively referred to as "the parties") are parties to the Transition Agreement that defines certain terms and conditions of employment for the pilots of US Airways. (A true and accurate copy of the Transition Agreement is attached hereto as Exhibit "1", and made a part hereof).

8. The Transition Agreement contains a provision requiring the arbitration of disputes concerning the interpretation or application of the Transition Agreement. Specifically, Section X, entitled "Disputes as to Interpretation or Application of the Transition Agreement," provides for final and binding arbitration of such disputes before a five-member System Board of Adjustment (hereinafter referred to as the "System Board"). The System Board is comprised of two Company appointees, two USAPA appointees, and a neutral arbitrator.

9. Pursuant to the Section X of the Transition Agreement, on March 10-11, and April 9-10, 2009, the parties presented a dispute concerning the Company's failure to "maintain minimum utilization rates" to the System Board for arbitration. On October 16, 2009, the System Board of Adjustment issued an arbitration award (hereinafter referred to as "October 16, 2009 Award") granting USAPA's grievance and remanding the matter to the parties "for consideration of appropriate remedies." (A true and accurate copy of the October 16, 2009 Award is annexed hereto as Exhibit "2", and made a part hereof). In the October 16, 2009 Award, the System Board of Adjustment further ordered that it would "maintain jurisdiction in the event of a dispute arising on the question of remedy." (October 16, 2009 Award, p. 11).

10. The Company and USAPA were unable to resolve the dispute regarding the remedy in connection with the October 16, 2009 Award. In particular, the parties could not agree on the extent of damages in the October 16, 2009 Award or the appropriate manner in which the damages should be distributed to the pilots.

11. Accordingly, pursuant to the RLA, Section "X" of the Transition Agreement, and the October 16, 2009 Award, the parties fully participated in arbitration hearings before the System Board of Adjustment on April 27, 2011 and September 13, 2011 regarding the remedy dispute.

12. On May 30, 2012, the System Board issued a supplementary opinion (hereinafter referred to as "May 30, 2012 Supplementary Opinion") awarding damages to certain pilots in the total sum of $999,250.00. The System Board ordered the Company to distribute the assessed damages to the affected pilots, and further ordered the Company to cease and desist from engaging in the practice that led to the Company's failure to maintain minimum utilization rates. (A true and accurate copy of the May 30, 2012 Supplementary Opinion is annexed hereto as Exhibit "3", and made a part hereof).

13. Upon information and belief, the May 30, 2012 Supplementary Opinion has been delivered to the Company.

14. Upon information and belief, while the Company paid the assessed damages provided for in the May 30, 2012 Supplementary Opinion, the Company has refused, and continues to refuse, to comply with the May 30, 2012 Supplementary Opinion, in that it has failed to cease and desist from engaging in the practices that led to its failure to maintain minimum utilization rates.

15. Upon information and belief, the Company's failure to comply with the May 30, 2012 Supplementary Opinion is without justification.

16. To date, the Company has not filed an action seeking to vacate, modify, or correct the May 30, 2012 Supplementary Opinion.

## COUNT I - CONFIRMATION OF AWARD

17. USAPA repeats the allegations of paragraphs 1-16 as if fully set forth herein.

18. The System Board fully complied with all requirements of the RLA in making the May 30, 2012 Supplementary Opinion.

19. The System Board fully confined itself to matters within the scope of its jurisdiction in making the May 30, 2012 Supplementary Opinion.

20. There was no fraud or corruption by any member of the System Board in making the May 30, 2012 Supplementary Opinion.

21. As there is no basis to vacate the May 30, 2012 Supplementary Opinion, pursuant to 9 U.S.C. § 13, USAPA is entitled to an order and judgment confirming the May 30, 2012 Supplementary Opinion.

**WHEREFORE**, USAPA demands an order and judgment against US Airways and in favor of USAPA as follows:

    a. confirming the May 30, 2012 Supplementary Opinion;

    b. compelling US Airways to abide by May 30, 2012 Supplementary Opinion;

    c. awarding USAPA reasonable attorneys' fees and costs arising out of this action as determined by the Court; and

    d. awarding such other and further relief as this Court may deem equitable, proper and just.

Dated: April 30, 2013
       Pittsburgh, PA

Yours, etc.,

JUBELIRER, PASS, & INTRIERI, P.C.

/s/ Joseph J. Pass
Joseph J. Pass
PA State Bar No. 00044
219 Fort Pitt Boulevard
Pittsburgh, Pennsylvania 15222

O'DWYER & BERNSTIEN, LLP
Gary Silverman
Zachary Harkin
52 Duane Street, 5th Fl.
New York, New York 10007
(212) 571-7100

*Attorneys for Plaintiff*